E-FILED
Monday, 10 February, 2025  11:26:00 AM
Clerk, U.S. District Court, ILCD

IN THE
**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| NACHE HOWELL,<br>        Plaintiff,<br><br>v.<br><br>THE CHRONISTER OIL<br>COMPANY,<br>        Defendant. | Case No. 1:24-cv-01378-JEH |

**Order**

Now before the Court is Defendant Chronister Oil Company's Motion to Dismiss (D. 13) and the Plaintiff's "Motion to Dismiss Defendant's Dismiss," docketed as the Plaintiff's Motion to Strike (D. 19).[1]  For the reasons set forth, *infra*, the Defendant's Motion to Dismiss is GRANTED and the Plaintiff's "Motion" is DENIED.

**I**

On October 7, 2024, Plaintiff Nache Howell filed her Complaint in which she states she is "writing this notice of complaint due to my unlawfully wrongfully [sic] termination from my ex-employer The Chronister Oil Company."  (D. 1 at ECF p. 1).  She further states that her case filed with the State of Illinois' "Department of Human Rights Service" was dismissed due to lack of substantial evidence and that in her federal complaint she would be talking about some statements made in the investigation into her charges and some that were not.  (D. 1 at ECF p. 1).

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

Specifically, the Plaintiff alleges[2] she was re-hired by Defendant The Chronister Oil Company (Chronister) in September 2021 by Eva Thrasher, a supervisor, after the Plaintiff last worked for Chronister in 2020.  In April 2022, the Plaintiff was transferred to a different one of Chronister's stores (Store 60) after Thrasher accepted two other employees' rejections of that transfer.  Later that summer, the Plaintiff volunteered to transfer to Store 72 to help the Store Manager there, Ira C. Keown, with whom she previously worked.  Thereafter, the Plaintiff alleges Keown decided Plaintiff needed to be re-trained, favored a particular cashier, got mad at Plaintiff and yelled at her for training another employee, threatened Plaintiff and used bullying tactics against her during a face-to-face conversation, told Plaintiff the entire corporate team including "Kelly [and] Eva" were on his side.  (D. 1 at ECF p. 2).  The Plaintiff also alleges as to Keown that she heard a lot of rumors as to his behavior, how he started employment conflicts with mostly female employees and one male employee, that he was insubordinate toward Thrasher, and that he broke the employee privacy policy.  She says the Defendant is very aware of Keown's behavior towards other employees.

The Plaintiff alleges she was "terminated for removing inventory items from the store shelves with refunded for payment [sic] at a later date," though Keown previously allowed her to remove items off the shelves and pay for them at a later date without any problems.  (D. 1 at ECF p. 3).  The Plaintiff was discharged on September 2, 2022.[3]  Thrasher informed the Plaintiff that Chronister does not extend credit to employees or guests and so Plaintiff should not have been allowed

---

[2] When ruling on a motion to dismiss, the court must take all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *Indep. Truck Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012).  Unless otherwise stated, the facts set forth in this section are taken from the Complaint (D. 1).

[3] This fact is taken from the Termination Notice attached to the Plaintiff's Complaint.  (D. 1-1 at ECF p. 5); see

2

to pay for the items which led to her termination.  The Defendant "states that all employee [sic] terminated by theft and police officer enforcer should be present and a report is required to be filed in some cases banned ex-employee is enforce do [sic] to the company policy that policy was not enforce do [sic] to that is a false statement made by [the Defendant] to the Department of Employment."  *Id*.  The Plaintiff additionally alleges that none of the termination notices the Defendant submitted to "The Human Rights Department" were similar to her termination.  (D. 1 at ECF p. 4).  The Plaintiff alleges the Defendant's policies were not enforced correctly, some were broken with regard to employee privacy, and false statements were made to the "unemployment department" with regard to her termination.  *Id*.  The Plaintiff seeks $275,000 in damages for being "wrongfully and unlawfully" terminated by the Defendant.  *Id*.

Attached to the Complaint is the Illinois Department of Human Rights' (IDHR) Notice of Dismissal for Lack of Substantial Evidence dated August 22, 2023.[4]  The IDHR investigated Plaintiff Howell's claims of religious discrimination, sex discrimination, harassment by Keown which caused a hostile work environment and to which male employees were not subjected, and discharge by Thrasher and Keown due to her sex.  (D. 1-2 at ECF p. 2-10 & D. 1-3 at ECF p. 1-7).  The charge against Chronister was dismissed.

In November 2023, the Plaintiff filed a state court action in the Circuit Court of the Eleventh Judicial Circuit, McLean County, Illinois pertaining to her discharge in September 2022 from Chronister.[5]  In her "Motion for Compliant [sic]

---

[4] *See* FED. R. CIV. P. 10(c) (providing in relevant part, "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

[5] "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (citing FED. R. CIV. P. 10(c)); *see also Tobey v. Chibucos*, 890 F.3d 634, 647-48 (7th Cir. 2018) ("a court may generally take judicial notice of public records" such as actions of other courts or the contents of filings in other courts) (collecting

3

Petition for Administrative Review" filed in the state court case on November 14, 2023, Howell set forth how she ended up at Store 62, her interactions with other employees at Chronister, specifically those with Store Manager Keown, and that she was terminated on September 2, 2022 for mishandling funds and removal of inventory without first paying for it. There, she alleged she was wrongfully terminated due to Chronister's policies not being enforced correctly, should be compensated for the disclosure of "employee confidential information, humiliation, employee harassment, and also wrongfully [sic] termination." (D. 14-1 at ECF p. 2). She also alleged Chronister "gave to [sic] many reason [sic] on why [she] was terminated from employment. *Id.*

Chronister, who voluntarily appeared in the case[6], moved to dismiss the Plaintiff's state court action with prejudice for failure to state a *prima facie* claim on any of her causes of action (disclosure of employee confidential information and humiliation, wrongful termination or discrimination, harassment or hostile work environment). (D. 14-3 at ECF p.1-11). Alternatively, Chronister sought dismissal of the Petition for Administrative Review as untimely and deficient under the Administrative Review Law, 735 ILCS 5/3 *et seq*. *Id*. The Plaintiff later requested to amend her complaint, (D. 14-4 at ECF p. 1-4), and Chronister, together with the individual defendants identified in Howell's various summons – Kelly Bedolli, Eva Thrasher, and Ira C. Keown – filed a joint response noting the amendment failed to cure the deficiencies and still failed to state a cause of action against any of the defendants in that case. (D. 14-5 at ECF p. 1-6).

Ultimately, on June 28, 2024, the Illinois state court denied Howell's motion to amend her complaint for lack of promptness and the inability of the amended

---

cases); MCLEAN COUNTY GOVERNMENT, https://publicaccess.mcleancountyil.gov/PubAC_Record_SheetCivil.aspx (last visited Feb. 7, 2025).
[6] *See* (D. 14-3 at ECF p. 2)

complaint to cure deficiencies in her original complaint.  The Illinois state court granted the defendants' motions to dismiss due to Howell's "failure to plead sufficient allegations to state a prima facie case for any of her claims that appear in her Complaint, and based on the procedural defects of Plaintiff's Complaint that sought an Administrative Review where no such procedural relief is provided by the [IHRA]."  (D. 14-6 at ECF p. 1-2).  The Illinois state court dismissed Howell's action with prejudice based on its procedural and substantive rulings. *Id*. at ECF p. 2.  Howell did not appeal any of the Illinois state court's rulings.

## II

In its Motion to Dismiss, Defendant Chronister argues dismissal of the Plaintiff's instant action pursuant to Federal Rule of Civil Procedure 12(b)(1) is warranted where res judicata, collateral estoppel, and the doctrine against claim-splitting bar the Plaintiff from prosecuting a second action against it.  The Defendant also argues dismissal pursuant to Rule 12(b)(6) is warranted based upon the Plaintiff's failure to state a cause of action that alleges an unlawful discriminatory discharge from employment, a claim of unlawful harassment, or a hostile work environment claim.  Lastly, the Defendant argues dismissal pursuant to Rule 12(b)(6) is warranted based on the absence of a plain statement of the Plaintiff's claim as required under Federal Rule of Civil Procedure 8(a)(2), the absence of simple, concise, and direct allegations mandated by Rule 8(d)(1), and the absence of numbered paragraphs that each state a single set of circumstances as required by Federal Rule of Civil Procedure 10(b).

As an initial matter, because res judicata is an affirmative defense, it is not jurisdictional and so a request for dismissal on that basis pursuant to Rule 12(b)(1) is inappropriate.  *See* FED. R. CIV. P. 12(b)(1) (listing lack of subject-matter jurisdiction as defense that may be asserted via motion); *White v. Elrod*, 816 F.2d 1172, 1175 (7th Cir. 1987) ("Res judicata is a defense like any other—it is not

jurisdictional—and, if it is proved, the defendants are entitled to judgment on the merits"); *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (noting res judicata is not one of the listed affirmative defenses that Rule 12(b)(6) permits be made by motion, "[b]ut when an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion").

With regard to the Defendant's argument that the Plaintiff's Complaint must be dismissed for failure to comply with Rule 8(a)(2) or 8(d)(1) and with Rule 10(b), the Plaintiff's pleading indeed falls short. *See* FED. R. CIV. P. 8(a)(2) ("a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"); FED. R. CIV. P. 8(d)(1) ("Each allegation must be simple, concise, and direct"). However, the Complaint is sufficiently clear, particularly when construed liberally, for the Court to analyze the Defendant's claim preclusion arguments. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers"). Even if the Plaintiff complied with Rules 8 and 10, the Complaint must still be dismissed.

### III

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

6

Defendant Chronister argues that because federal courts give full faith and credit, 28 U.S.C. § 1738, to state court decisions and rulings, Chronister should not have to litigate the same claims the Plaintiff raised in Illinois state court before this, a second court. Because the prior adjudication was in Illinois state court, this Court applies Illinois res judicata principles. *Chicago Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011). For res judicata to apply, there must be: 1) a final judgment on the merits rendered by a court of competent jurisdiction; 2) the same cause of action; and 3) the same parties or their privies. *Hudson v. City of Chi.*, 889 N.E.2d 210, 215 (Ill. 2008).

The first element of res judicata is satisfied here. The Illinois state court dismissed the Plaintiff's "action and Complaint with prejudice," based on, among other things, the Plaintiff's failure to plead sufficient allegations to state a prima facie case for any of her claims. (D. 14-6 at ECF p. 2).[7] Illinois Supreme Court Rule 273 provides, "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. S. Ct. R. 273; *see also Chicago Title Land Tr. Co.*, 664 F.3d at 1079 ("Dismissal with prejudice for failure to state a claim is . . . tantamount to an adjudication on the merits") (quoting *Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc.*, 744 N.E.2d 845, 852 (Ill. 2001)). Per Rule 273, the Illinois state court's June 28, 2024 dismissal was an adjudication on the merits where the order did not specify otherwise. The June 28th order was also final as it "terminate[d] the litigation between the parties on the merits . . . on the entire

---

[7] To the extent the Court herein considers documents and information pertaining to the Illinois state court case, "taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

controversy[.]" *Wilson v. Edward Hosp.*, 981 N.E.2d 971, 978 (Ill. 2012) (explaining what makes an order final).

To determine whether the second element is satisfied, Illinois courts apply a "transactional test" pursuant to which "separate claims will be considered the same cause of action . . . if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998). In both her Illinois state court complaint and federal Complaint, the Plaintiff included much the same facts – the Plaintiff was re-hired by Defendant Chronister in September 2021, she was transferred to Store 62, she was yelled at, intimidated, and disrespected by Store Manager Keown while working at the same store, and she was terminated from employment after removing inventory without first paying for it. In her Illinois state court case, the Plaintiff alleged Chronister wrongfully terminated her due its policy not being enforced correctly and requested compensation for Keown's conduct, including harassment. In her federal Complaint, the Plaintiff alleges she was wrongfully terminated due to incorrect Chronister policy enforcement and requests compensation for the "life pain" she suffered as a result of her termination. (D. 1 at ECF p. 4).

In her Response[8] to the Motion to Dismiss, the Plaintiff argues the two complaints only have in common wrongful termination, but they are otherwise different as one complaint has the correct defendants and the other does not, one complaint has "a claim to be compensated" and the other does not, one complaint has "corroborating evidence for allegation" and the other does not, and there are other details and materials which are different between the two complaints. (D. 19 at ECF p. 1). The Plaintiff's arguments do not persuade the Court. Even if the

---

[8] The Court construes the Plaintiff's "Motion to Dismiss Defendant's Dismiss," docketed as the Plaintiff's Motion to Strike (D. 19), as her Response to Defendant Chronister's Motion to Dismiss.

Plaintiff's claims in her state and federal complaint were more distinctly separate than they otherwise appear (and as she suggests), they undeniably arose from a single group of operative facts, namely, the interactions and experiences she had while working at Chronister between September 2021 and September 2022 and what she experienced personally as a result. *See River Park*, 703 N.E.2d at 893 (detailing what constitutes a transaction is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation . . . .") (quoting Restatement (Second) of Judgments § 24 (Am. Law Inst. 1982)). The second res judicata element is satisfied.

As for the third res judicata element, Defendant Chronister concedes that in this suit, the individual defendants named in the Illinois state court proceedings are not named as defendants in this second action. It argues, however, that because Illinois law imposes strict liability on employers for supervisor sexual harassment and given a more recent change to the IHRA's definition of employer, the Court may fairly view Chronister as comprised of persons that included the individual defendants named in the Plaintiff's first action over her employment related disputes with Chronister. "A determination regarding whether privity exists is to be conducted on a case-by-case basis." *Harrison v. Deere & Co.*, 533 F. App'x 644, 649 (7th Cir. 2013) (unpublished decision) (quoting *Agolf, LLC v. Vill. of Arlington Heights*, 946 N.E.2d 1123, 1132 (Ill. App. Ct. 2011)).

Here, as in her first action in Illinois state court, the caption of the Plaintiff's Complaint does not specifically identify who the Defendants are. As addressed, *supra*, the Plaintiff's federal Complaint includes the history of her employment at Chronister and that Chronister wrongfully terminated her as well as details as to Ira C. Keown's conduct towards her while working for Chronister. She mentions others at Chronister in passing. In her Illinois state court action, it appears the individual defendants there – Kelly Bedolli, Eva Thrasher, and Ira C. Keown –

9

became such by reason of Howell identifying them in various summonses; in comparison, her state court complaint began, "this notice for compliant [sic] for the General Store Manager: Ira C. Kewon [sic] for the Chronister Oil Company[.]" (D. 14-1 at ECF p. 1). Of significance, in her proposed amended state court complaint, Howell removed Keown's name in the first sentence and left only The Chronister Oil Company. (D. 14-4 at ECF p. 2). Also, Chronister voluntarily appeared in the Illinois state court case and actively litigated its position that Howell failed to state a prima facie claim, and Chronister even filed a joint response with the individual defendants there in opposition to Howell's attempted amendment. (D. 14-3 & D. 14-5). The Illinois state court's order dismissing the case with prejudice was entered following consideration of "Defendant Chronister Oil Company's Motion to Dismiss," the "Individual Defendants' Motion to Dismiss," and the "Defendants' Joint Response to Petitioner's Motion to File an Amended Complaint." (D. 14-6 at ECF p. 1).

The third res judicata element is satisfied in light of the state court defendants' joint filings, Chronister's voluntary appearance in that case, and the Illinois state court's treatment of Chronister as a defendant. *See Chicago Title Land Tr. Co.*, 664 F.3d at 1080 ("It is the identity of interest that controls in determining privity, not the nominal identity of the parties.") (quoting *People ex rel. Burris v. Progressive Land Devs., Inc.*, 602 N.E.2d 820, 825 (Ill. 1992)). To come to a different conclusion and find the parties are *not* the same would go against their expressed identity of legal interests as illustrated by their filings in the first action. To come to a different conclusion would also entirely disregard the substantial similarity of the Plaintiff's allegations between the two actions, all of which revolve around her time at Chronister and Keown's conduct.

Because all the elements of res judicata are satisfied, the Illinois state court's June 28, 2024 order dismissing Howell's action and complaint with prejudice bars

10

this Court from entertaining her renewed attempt to bring her claims in this second action where she had a full and fair opportunity to present her claims in the first action.  *See Dookeran v. Cnty. of Cook, Ill.*, 719 F.3d 570, 576 (7th Cir. 2013) ("The law of claim preclusion in Illinois includes the concept of merger and bar, which precludes the sequential pursuit not only of claims actually litigated, but of those that could have been litigated") (internal citation omitted).  The Court need not address the Defendant's remaining arguments in support of dismissal.

## IV

For the reasons set forth, *supra*, Defendant Chronister Oil Company's Motion to Dismiss (D. 13) is GRANTED and the Plaintiff's "Motion to Dismiss Defendant's Dismiss," docketed as the Plaintiff's Motion to Strike (D. 19) and construed as her Response to the Motion to Dismiss, is DENIED.  This case is DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to enter judgment and close this case.

*It is so ordered.*

Entered on February 10, 2025.

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

11